## Cramer v. L. M. Klunk & Sons, Inc.

*John W. Thompson, Jr.* and *Daniel W. Shoemaker,* for plaintiff.

*Robert J. Brown* and *Kain, Brown & Roberts*, for defendant.

SHADLE, J., February 28, 1973.—Plaintiff instituted this action in trespass against five defendants to recover for the wrongful death of her decedent. After the filing of complaint, an answer with new matter, and a reply, defendant Pfaltzgraff filed a motion for judgment on the pleadings.

The pleadings allege that defendant Pfaltzgraff owned premises upon which certain construction work was being performed by defendant Klunk as general contractor. Klunk awarded a subcontract for a portion of the work to defendant McFall. Defendant Barshinger and plaintiff's decedent were employes of McFall. Plaintiff's decedent was killed on the premises in the course of the work. The accident was covered by workmen's compensation insurance and benefits thereunder are being paid to plaintiff by reason of the death.

Under these circumstances, Barshinger was a fellow employe of decedent, McFall was decedent's actual employer, and Klunk was his statutory employer. It was for these reasons that in an opinion and order filed herein on January 9, 1973, we sustained motions for judgment on the pleadings of those defendants on the ground that their liability was to be determined under the Pennsylvania Workmen's Compensation Act of June 15, 1915, P. L. 762, sec. 3, 77 PS §221, and not in this action in trespass.

Pfaltzgraff now assigns two grounds for its motion for judgment on the pleadings. One is that if, as plaintiff alleges, it was the owner of the premises on which the accident occurred and in occupancy and control thereof, it thereby became the statutory employer of plaintiff's decedent and likewise is immune from lia-

bility in trespass. The other ground is that it is not a legal entity capable of being sued.

Pfaltzgraff's contentions are not well-founded. One who is the owner or in the position of an owner of premises on which a subcontractor's employe is injured cannot be the statutory employer of such employe under the Workmen's Compensation Act, supra, because such owner is not "under contract" with the owner, which is an essential element to the status of a statutory employer. In other words, an independent contractor or subcontractor of the owner of the premises can be a statutory employer, but the owner of the premises himself cannot. See McDonald v. Levinson Steel Co., 302 Pa. 287 (1930); Girardi v. Pennsylvania Power and Light Company, 174 F. Supp. 813 (1959), affirmed sub-nominee Girardi v. Lipsett, Inc., 275 F. 2d 492, cert. den. 81 S. Ct. 56.

As to Pfaltzgraff's second contention, plaintiff's complaint alleged that Pfaltzgraff is a corporation. Pfaltzgraff denied that it is a corporation and alleged that it "is a division of Susquehanna Broadcasting Co. and as such has no distinct legal entity and therefore . . . is not capable of being sued as a party." In her reply, plaintiff alleged that Pfaltzgraff is a registered fictitious name for Susquehanna Broadcasting Co.

We are unable to perceive how the fact that Pfaltzgraff is a "division" of another corporation prevents it from being a "distinct legal entity" and thus immune from suit. The term "division" is not a word of art, and we know of no law which prevents a division from being a corporation or a legal entity capable of being sued. Even if we accept Pfaltzgraff's denial of status as a corporation, which we may not do on this motion, Pennsylvania Rule of Civil Procedure 2177 permits an action against a corporation in its corporate name, which Pa. R.C.P. 2176 defines as "any name, real or

fictitious, under which a corporation . . . conducts business." Hence, the instant action may be treated as one in actuality against Susquehanna Broadcasting Co. under its registered fictitious name, Pfaltzgraff Pottery Co. That plaintiff by the aid of the fictitious name registration might have directly sued Susquehanna Broadcasting Co. as the parent corporation furnishes no basis for entering judgment on the pleadings against Pfaltzgraff.

## ORDER

And now, February 28, 1973, the motion of defendant Pfaltzgraff for judgment on the pleadings is overruled and refused, and an exception is noted on its behalf.